NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0477n.06

Case No. 24-5939

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Oct 20, 2025

KELLY L. STEPHENS, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| KORDELL L. TRAVIS, | ) | |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |
| | ) | |

Before: COLE, KETHLEDGE, and NALBANDIAN, Circuit Judges.

COLE, Circuit Judge. Kordell Travis pleaded guilty to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). After applying a two-level Sentencing Guidelines enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1), the district court sentenced him to 160 months' imprisonment. Travis argues the district court erred by applying the enhancement and imposing a substantively unreasonable sentence. For the following reasons, we affirm.

I.

In 2019, the Appalachian Narcotics Investigation (ANI) Task Force began investigating a drug trafficking organization operating in Middlesboro, Kentucky and the surrounding areas. The investigation led the ANI to Travis, prompting it to coordinate a series of controlled buys between Travis and confidential informants. The last control buy occurred on March 29, 2021. Several weeks later, on April 7, Travis fled from a traffic stop. A high-speed chase ensued. Officers

eventually stopped Travis and recovered a firearm, a black Glock handgun with an extended magazine, that Travis had thrown from the car during the chase.

A grand jury indicted Travis for conspiracy to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846, distribution of five grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Travis pleaded guilty to distributing 50 grams or more of methamphetamine, and the government agreed to move to dismiss the remaining counts.

The presentence report (PSR) recommended a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon. The PSR thus calculated a total offense level of 31 which, when combined with Travis's criminal history category of IV, yielded a Guidelines range of 151 to 188 months. Travis objected to the enhancement, arguing that the government lacked credible proof that he possessed a dangerous weapon.

At the sentencing hearing, the government called FBI agent Michael McLaughlin, who took part in the drug trafficking investigation, to testify regarding Travis's firearm possession. McLaughlin primarily spoke about his interactions with two confidential informants who had "drug relationship[s]" with Travis. McLaughlin testified that the first informant stated that Travis carried a black "Glock-style pistol with an extended magazine" in the back of his pants. (Sentencing Tr., R. 225, PageID 1011, 1026.) McLaughlin also stated that the second informant knew Travis to carry "a black Glock-style pistol." (*Id.* at PageID 1012.) Lastly, McLaughlin shared that he recovered a black Glock handgun—matching both confidential informants' descriptions—thrown from Travis's car during the April 7 high-speed chase. In support, the government offered a photo of the firearm and footage from the pursuit.

Following cross-examination and argument, the district court overruled Travis's objection and applied the enhancement. The court sentenced Travis to 160 months' imprisonment. Travis appeals his sentence.

II.

Travis argues that the district court erred by incorrectly applying a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1) and imposing a substantively unreasonable sentence. We disagree.

A.

We first consider whether the district court erred by applying the dangerous-weapon enhancement. The Guidelines advise district courts to increase a defendant's base offense level for a drug-related conviction by two levels "[i]f a dangerous weapon (including a firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). We review a court's factual determination that a defendant possessed a firearm during the commission of the drug offense of conviction for clear error. *See United States v. McCloud*, 935 F.3d 527, 530–31 (6th Cir. 2019). A determination is "clearly erroneous when 'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction' that the district court made a mistake." *United States v. Ellis*, 938 F.3d 757, 761 (6th Cir. 2019) (quoting *United States v. Vasquez*, 352 F.3d 1067, 1070 (6th Cir. 2003)).

For a court to apply the dangerous-weapon enhancement, the government must first prove by a preponderance of the evidence "that (1) the defendant actually or constructively possessed the weapon, and (2) such possession was during the commission of the offense." *United States v. West*, 962 F.3d 183, 187 (6th Cir. 2020) (quoting *United States v. Hill*, 79 F.3d 1477, 1485 (6th Cir. 1996)). If the government makes that showing, it is entitled to a rebuttable presumption that

the firearm was related to the offense, and the burden shifts to the defendant to present evidence demonstrating "it was clearly improbable" that the weapon was connected to the offense. *United States v. Histed*, 93 F.4th 948, 958 (6th Cir. 2024).

Travis argues that "the government's proof was so uncertain, inconsistent, and vague" that the district court clearly erred by shifting the burden to him. (Appellant Br. 27.) To prove the dangerous-weapon enhancement applied, the government relied on only McLaughlin's testimony and an accompanying photograph and video footage of the April 7 chase. McLaughlin testified that two individuals—who engaged in a "drug relationship" with Travis and later served as confidential informants—both stated that Travis carried a black Glock-style pistol. One individual specifically noted that the firearm had an extended magazine. A week after the final controlled buy, Travis fled police at a traffic stop, prompting a high-speed pursuit during which he threw a black Glock with an extended magazine from his car. After both parties presented their arguments, the district court noted that it was a "fairly close call" but ultimately concluded that the government met its burden "given the cross-corroboration, the length of the interaction, the specificity of the firearm, and the seizure just after the last interaction between Travis and [an informant.]" (Sentencing Tr., R. 225, PageID 1042–43.)

We are not "left with the definite and firm conviction that the district court made a mistake" by concluding the government met its burden. *See Ellis*, 938 F.3d at 761 (6th Cir. 2019) (citation modified). Travis himself does not contest that he possessed a firearm. Rather, he contends that the government failed to prove he "possessed a firearm *in connection with* [his] possession of narcotics." (Appellant Br. 28 (emphasis added).) But both individuals who claimed Travis carried a firearm on his person had a drug relationship with him, one of which involved approximately 40 buys over nearly two years. Thus, we are unpersuaded that the district court clearly erred in finding

the government proved a connection between his firearm possession and his drug trafficking offense.

We therefore conclude that the district court did not clearly err by applying the dangerous-weapon enhancement.

B.

Next, Travis argues that his within-Guidelines sentence is substantively unreasonable. We review challenges to the substantive reasonableness of a sentence for an abuse of discretion. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "A claim that a sentence is substantively unreasonable is a claim that a sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* A sentence "must be proportionate to the seriousness of the circumstances . . . and sufficient but not greater than necessary, to comply with the purposes of [18 U.S.C.] § 3553(a)." *United States v. Axline*, 93 F.4th 1002, 1008 (6th Cir. 2024) (citation modified). Because Travis's sentence falls within the range recommended by the Guidelines, we presume it is reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Travis fails to rebut this presumption. He tries to do so by arguing the district court "failed to sufficiently take into account [his] personal characteristics, specifically his horrendous upbringing and his mental state resulting from this trauma." (Appellant Br. 33.) But during sentencing, the district court analyzed the various § 3553(a) sentencing factors, including Travis's personal history and characteristics. The court stated that it would "give fair consideration to . . . the mitigation of his raising[,]" but also noted that it would have a "fairly modest" reflection in the result. (Tr. of Sentencing, R. 225, PageID 1086). Travis therefore does not identify any argument that he raised but the district court failed to address. Instead, he asks us to weigh the factors

"differently than the district court did." *United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006) (citation modified). But doing so is beyond our scope of review. *See id.*

We accordingly conclude that Travis's sentence is substantively reasonable.

III.

For the foregoing reasons, we affirm the district court's sentence.